IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| WEST COAST PRODUCTIONS, INC. ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | |
| v.                                             ) | Case No. 4:12-cv-01874-JAR |
| ) | |
| DOES 1-27.                              ) | **JURY TRIAL DEMANDED** |
| ) | |
| *Defendants*.                       ) | |
| ) | |

**MOTION AND INCORPORATED MEMORANDUM TO STRIKE A CERTAIN NON-PARTY DOE'S MOTION FOR *AD LITEM* COUNSEL FOR DEFENDANTS PURSUANT TO FED. R. CIV. P. RULE 12(f)**

I.   **Introduction**

Plaintiff West Coast Productions, Inc. ("West Coast") respectfully moves that this Court strike a certain non-party Doe's Motion for *Ad Litem* Counsel for Defendants [Docket No. 9] ("Non-Party Motion"). As set forth herein, this filing should be stricken in its entirety pursuant to FED. R. CIV. P. Rule 12(f) as immaterial and/or impertinent for any or all of the following reasons: 1) the Non-Party Motion was made by an anonymous John Doe who admits he or she is not a party to this action (hereinafter "Non-Party Movant" or "Movant") (*i.e.*, **not** one of the 27 Doe Defendants to this action); 2) the Non-Party Movant admits he or she is not an attorney, and does not and cannot represent any of the 27 Does in this Court; and 3) the Non-Party Movant did not follow interventional procedures pursuant to Federal Rules of Civil Procedure Rule 24.

The parties to this action include copyright holder, Plaintiff West Coast, and Defendant Does 1-27 each of which who, based on data obtained from plaintiff's investigator, used an online file-sharing program to infringe plaintiff's copyright in its Motion Picture. As set forth in Plaintiff's Complaint and memorandum in support of expedited discovery Plaintiff's investigator

1

determined the IP addresses, dates and times of upload, Internet Service Provider (ISP) and state in which the account is held (in this case, each is held in the state of Missouri).  Docket No. 1 at ¶ 25; Docket No. 1-4, Exhibit A to Complaint; Docket No.5 at 11-12. Pursuant to the Court's Order granting expedited discovery, Plaintiff's counsel has since served each Defendant Doe's ISP with this data in order to learn the identities of these Does and allow this action to proceed. Docket No. 8. To date, none of the 27 Doe Defendants have filed a motion to quash or similarly styled motion.

## II.     Argument

Federal Rules of Civil Procedure Rule 12(f) dictates that the Court may strike from a pleading any redundant, immaterial, impertinent, or scandalous matter.  FED. R. CIV. P. Rule 12(f). The Court may act on its own or on motion made by a party. *Id*. This rule is stated in the permissive, providing the district court liberal discretion in its application. *Stanbury Law Firm v. I.R.S.*, 221 F.3d 1059, 1063 (8th Cir. 2000) (citations omitted).[1]

### a. This Court should Strike the Non-Party Motion under Rule 12(f) because Movant is not a Party to this Action.

A mere non-party has no standing to file pleadings or motions in a lawsuit. *Dail v. City of Goldsboro*, No. 5:10-CV-00451-BO, 2011 WL 2293904, at *1 (E.D.N.C. June 9, 2011) (*citing* FED. R. CIV. P. 12(f)). By referring to himself as a "John Doe" throughout his filing, Movant conflates himself with the as yet unidentified Defendant Does 1-27. Still, Movant clearly introduces himself as "a certain **non-party** John Doe." Docket No. 9 at 1 (emphasis added). A

---

[1] The Eighth Circuit Court of Appeals has also recognized that, "[d]espite this broad discretion ... striking **a party's** pleadings is an extreme measure, and, as a result, we have previously held that '[m]otions to strike under Fed.R.Civ.P. 12(f) are viewed with disfavor and are infrequently granted.' " *Stanbury,* 221 F.3d at 1063 (quoting *Lunsford v. United States,* 570 F.2d 221, 229 (8th Cir.1977) (citations omitted) (emphasis added). Of note, this statement applies to "a party's pleadings;" the Movant in the case at hand is a non-party.

2

variety of District Courts throughout the country have exercised the discretion granted them under FED. R. CIV. P. Rule 12(f) to strike such non-party pleadings.  See *Dail*, 2011 WL 2293904, at *1; *United States v. Scott*, No. 11-cv-01430, 2011 WL 3497302, at *1 (D. Colo. Aug. 9, 2011); *United States v. Cajun Contractors, Inc.*, No. 04-4157, 2008 WL 410121, at *5 (D. Kan. Feb 13, 2008).

Moreover, the Non-Party Movant files the motion anonymously, "attack[ing] Plaintiff from behind a shroud of anonymity," and allowing Plaintiff no recourse to address the unsubstantiated allegations. *See AF Holdings, LLC v. Does 1-162*, No. 11-23036-CV, 2012 WL 488217, at *5 (S. D. Fla. Feb. 14, 2012). To redress this precise scenario, filings before this Court shall be made in compliance with Federal and Local Rules requiring the provision of appropriate identifying and contact information. *See*, *id*.

### b. The Court should Strike the Non-Party Motion because Movant is not an Attorney.

The Non-Party Movant does not and cannot represent any of the parties to this action. Parties may plead and conduct their own cases personally or by counsel. 28 U.S.C.A. § 1654. Movant states: "I am not an attorney." Docket No. 9 at 2. Movant is neither a party to this action who can file pleadings on his own behalf nor an attorney admitted to practice law who can file pleadings on behalf of any of the parties to the action. *See United States v. Cajun Contractors, Inc.*, 2008 WL 410121, at *5. Local Rules require that "only attorneys enrolled pursuant to the rules of this Court or duly admitted *pro hac vice* may file pleadings, appear or practice in this Court. Nothing in these rules is intended to prohibit any individual from appearing personally on his or her own behalf." Local Rule 83-12.01. Because Movant is neither a party to the action appearing on his or her own behalf, nor an attorney representing any of the parties, the filing of this Non-Party Motion flies against the spirit of both § 1654 and Local Rule 83-12.01.

3

### c. The Court should Strike the Non-Party Motion because Movant did not follow Intervention Procedures Under Fed. R. Civ. P. Rule 24.

Non-party participation in an adversary proceeding is dependent upon intervention, which is governed by Fed. R. Civ. P. Rule 24.  *South Dakota ex rel. Barnett v. U.S. Dept. of Interior*, 317 F.3d 783, 785 (8th Cir. 2003). Movant has made no attempt to intervene under the authority of Rule 24 or under any other authority. *United States v. Scott*, 2011 WL3497302, at *1. As he is not a named party to this lawsuit, nor has he properly intervened, Movant may not file pleadings or other matters with the Court on behalf of himself or others in this case. *Id*.

### III.   Conclusion

For the reasons set forth above, Plaintiff West Coast Productions, Inc. respectfully moves that this Court strike a certain non-party Doe's Motion for *Ad Litem* Counsel for Defendants [Docket No. 9]. This filing should be stricken in its entirety pursuant to FED. R. CIV. P. Rule 12(f) as immaterial and/or impertinent.

Respectfully submitted,
PLAINTIFF WEST COAST PRODUCTIONS, INC.

By its attorneys,
SIMMONS BROWDER GIANARIS
  ANGELIDES & BARNERD LLC

Dated:  November 15, 2012

By: */s/ Paul A. Lesko*
Paul A. Lesko – E.D. Mo. Bar No. 51914
One Court Street
Alton, IL 62002
(618) 259-2222
(618) 259-2251-*facsimile*
plesko@simmonsfirm.com

**CERTIFICATE OF SERVICE**

    I hereby certify that on November 15, 2012, I electronically filed the foregoing document via the Court's ECF, electronic email system, upon all of record:

                      /s/ Paul A. Lesko_____